## REUBEN MITCHELL *vs.* CANADIAN REALTY COMPANY.

### Washington.    Opinion October 4, 1922.

*Limitations upon the general and apparent scope of the authority of an agent who has been accredited to third persons, do not affect such third persons, unless they have knowledge thereof, as they have a right to presume that his agency is general and not limited.    The findings of the presiding Justice on questions of fact are final.*

Third persons dealing bona fide with one who has been accredited to them as an agent are not affected by any limitations upon the general and apparent scope of his authority unless they have knowledge thereof.

Persons dealing with an agent have a right to presume that his agency is general and not limited and notice of the limited authority must be brought home to their knowledge before they are to regard it.

The defendant under these principles was bound by the acts of its agent in making the contract in this case.

The price was specified in the contract as follows: "$17.50, if price goes up, you to have it." The ruling that the defendant thereby undertook to pay the highest market price which pulp wood of quality described in the contract reached in the vicinity of Harrington prior to the delivery on board cars was correct.

The decision of the presiding Justice as to the quantity and quality of the pulp wood delivered related purely to questions of fact and his findings thereon are final.

On exceptions by defendant. This is an action of assumpsit to recover the purchase price of pulp wood sold and delivered to the defendant under a written contract, heard by the presiding Justice without a jury who gave judgment in favor of plaintiff for $310.14. Exceptions were taken by defendant to a ruling by the presiding Justice admitting in evidence the contract, on the ground that the authority of the agent of the defendant who executed the contract was limited and that he exceeded his authority. Exceptions were taken by defendant also to certain rulings by the presiding Justice upon questions of construction of the contract. Exceptions overruled.

The case is fully stated in the opinion.
*Gray & Sawyer,* for plaintiff.
*Reed* V. *Jewett,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

CORNISH, C. J.   This is an action of assumpsit brought to recover the purchase price of pulp wood sold and delivered to the defendant under the terms and provisions of a written contract dated June 22, 1920.

The case was heard by the court at nisi prius, without the intervention of a jury and with right of exceptions in matters of law. Decision was rendered in vacation pursuant to R. S., Chap. 87, Sec. 37, and judgment was awarded for the plaintiff in the sum of $310.14.   The case is before the Law Court on defendant's exceptions.

As stated by the Justice in his findings, the controversy between the parties as presented to him involved two main points:

"(1)   The price which defendant is bound to  pay for the pulp wood which conforms to the contract of June 22, 1920.

"(2)   The amount of pulpwood delivered under the contract, and its quality."

1. AGENCY.

The first exception relates to the admission of the written contract which was objected to by the defendant on the ground that the defendant's agent, Ramsdell, who made the contract had no authority to insert therein this written clause, "if price goes up, you to have it" after the figures "$17.50."

The contract in printed form had been prepared by the defendant, leaving necessary blanks as to name and residence of seller, quantity of pulp wood, place of delivery, price, etc., to be filled in by the agent when the various trades might be made, to correspond with the terms of such trades.   In this particular case the agent filled in both the figures $17.50 and the words above quoted and the contract in that form was signed in duplicate by the agent in behalf of the company, and by the seller, the plaintiff.   One copy was then kept by the plaintiff and the other was sent to the home office

of the defendant and filed without objection. It was accepted and such acceptance without protest or notice to plaintiff might well be deemed strong evidence of a ratification of the agent's authority even if he had transcended his original powers.

But the Justice rested his decision on another and impregnable ground, viz.: "The defendant contends that Ramsdell was limited by instructions to paying not exceeding $17.50 per cord, but I am of the opinion and rule that plaintiff's rights under the contract are unaffected by any such limitation upon the authority of the agent, he having no knowledge of such limitations." This ruling is in strict accord with settled law. Third persons dealing bona fide with one who has been accredited to them as an agent are not affected by any limitations upon the general and apparent scope of his authority unless they have knowledge thereof. Private instructions between principal and agent are ineffective under such circumstances. The defendant in the case at bar sent forth this agent, armed with these blank contracts to deal with farmers and pulp wood owners. His chief duty was to agree upon price. It was a part of and the main part of his general authority. This agent agreed upon the price with this plaintiff, "17.50, if price goes up you to have it, dollars per cord," and inserted those figures and words in the proper blank. To permit the principal to avoid liability on the ground that the agent's authority was limited to $17.50 would nullify the well-settled principle of law as well as the principles of fair dealing and common justice. *Stickney* v. *Munroe*, 44 Maine, 195, 203; *Greene* v. *Nash*, 85 Maine, 148; *Maxcy Mfg. Co.* v. *Burnham*, 89 Maine, 541. "Persons dealing with an agent have a right to presume that his agency is general and not limited, and notice of the limited authority must be brought to their knowledge before they are to regard it." *Trainer* v. *Morrison*, 78 Maine, 163; *Wood* v. *Finson*, 89 Maine, 459. There was no error in the ruling concerning agency.

## 2. CONSTRUCTION OF CONTRACT.

The second exception relates to the legal construction of the clause "$17.50, if price goes up, you to have it."

The ruling of the court was as follows: "Upon consideration of the entire contract, I am of the opinion and rule that the defend-

ant undertook to pay not less than $17.50 per cord and if the market advanced, the defendant undertook to pay the highest market price to which pulpwood of quality described in the contract reached in the vicinity of Harrington prior to the delivery on board cars. Such a contract seems improvident, but the justification may be found in sharp competition for pulpwood at the time the contract was made."

This construction is obviously correct. The plain words of the contract mean that and nothing else. Anxiety to obtain the wood and willingness to pay the highest market price which it might touch before delivery prompted the agreement on the part of the agent. The plaintiff accepted the terms, performed his part of the contract and now should receive the compensation agreed upon. The defendant takes nothing by this exception.

### 3. QUANTITY AND QUALITY.

The third exception relates to the decision of the Justice determining the amounts of pulp wood delivered under the contract and its quality.

This is purely a question of fact and under the well-settled rule of law and of practice in this State the finding of the court below on this point was final. It cannot be reviewed here. This exception must also be overruled.

The mandate will therefore be,

*Exceptions overruled.*